**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL GEOFFREY PETERS, | § | |
| (TDCJ #02019190) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3204 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Michael Geoffrey Peters, a Texas state inmate, has filed a petition for a writ of mandamus. Although he names Lorie Davis, Director of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), as the respondent, Peters seeks an order compelling the Texas Court of Criminal Appeals to fully adjudicate his state application for post-conviction relief. Also pending before the court is Peters's motion to dismiss for TDCJ's refusal to withdraw the funds necessary to pay the court cost in this matter. (Docket Entry No. 8). Peters is representing himself.

The threshold issue is whether this court has jurisdiction to consider Peters's petition for a writ of mandamus. After reviewing the pleadings and the applicable law, the court concludes that this lawsuit must be dismissed. The reasons are explained below.

**I.    Background**

Peters is incarcerated in TDCJ as the result of his 2015 convictions in Montgomery County Cause Number 14-07-08207-CR.[1]  In April 2015, Peters was convicted of two counts of retaliation

---

[1] The court takes judicial notice of information on Peters's state-court proceedings from publicly available state court records. *See* Website for the Texas Court of Criminal Appeals, available at http://www.txcourts.gov/cca (last visited on January 7, 2019).

and sentenced to a 35-year prison term for each count. The Ninth Court of Appeals of Texas affirmed the trial court's judgments in June 2016. *Peters v. State*, No. 09-15-00166-CR, No. 09-15-00167-CR (Tex. App.—Beaumont 2016, pet. ref'd). In November 2017, the Court of Criminal Appeals denied Peters's state habeas application, without a written order or a hearing, on the findings of the trial court. *Ex parte Peters*, Application No. WR-83,660-09 (Tex. Crim. App. 2017).

## II.    Analysis

Peters now petitions for a writ of mandamus. He alleges that the convicting trial court and the Texas Court of Criminal Appeals have conspired to prevent consideration of the grounds for relief raised in his state habeas application. Peters asks this court to compel the Court of Criminal Appeals to consider and grant relief on all nine grounds.

Requests for a federal writ of mandamus are governed by 28 U.S.C. § 1361, which provides "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts have no power to issue writs of mandamus to direct state officials in the performance of their duties. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973); *see also Johnson v. Bigelow*, 239 F. App'x 865, 865 (5th Cir. 2007) (per curiam) (dismissing claims for injunctive relief against a state trial court judge because the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties). The court lacks jurisdiction to entertain Peters's request for mandamus relief.[2]

---

[2]*See also Peters v. State of Texas*, Civil No. H-17-3782 (S.D. Tex. Dec. 18, 2017) (order dismissing petition for a writ of mandamus for want of jurisdiction); *Peters v. State of Texas*, Civil No. H-18-0408 (S.D. Tex. Feb. 15, 2018) (order dismissing petition for a writ of mandamus for want of jurisdiction).

## III.    Conclusion

Peters's petition for a writ of mandamus is dismissed without prejudice for want of jurisdiction. Peters's motion to dismiss for TDCJ's refusal to withdraw funds, (Docket Entry No. 8), is denied as moot. The court received a $400.00 filing fee on September 20, 2018. Any and all remaining pending motions are denied as moot.

Signed on January 7, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge